Hoenblowejr, C. J.
The question submitted to this court is, •whether the thirteenth and fourteenth sections of the act of the 28th November 1822, were repealed by the act of the 15th February 1833.
I do not think it necessary to go into an analysis, or comparison of the several statutes on this subject. The question lies within a narrow compass. Does the act of 1833, either in terms, or by clear legal implication, repeal the thirteenth and fourteenth sections of the act of 1822 ?
By the thirteenth section, offenders against the provisions of that act and the act or acts to which it is a supplement, in addition to the fine and penalties previously imposed, are subjected to a forfeiture of the boats, seine &c. used by such offenders in vio *156 lation of law; and it is made the duty of all sheriffs and constables, and lawful for any person, to seize and secure such boat, seine &c. and deal with them as by that act is directed. The fourteenth section imposes a penalty of one hundred dollars, on any person who shall resist such officer or other person in the lawful seizure of such boat <&c. By the seventh section of the same act, (the act of 1822) persons offending against its provisions are made liable to a penalty of two hundred and fifty dollars, which, by the 15th section of the same act, may be recovered with costs by any person suing for the same.
Thus the law stood, until the 15th February 1833, when a further supplement was passed, by the third and fourth sections of which, Elm. Dig. 204, such offenders, were declared to be guilty of misdemeanors, and subjected, upon conviction, to fine and imprisonment.
By the enactments contained in these two sections of the act of 1833, and by the repealing clause of that act, it is supposed, that the seventh, thirteenth and fourteenth sections of the act of 1822, are at least virtually repealed.
Whether the seventh section of the act of 1822, is repealed or not, so far as respects the question now before.us, is, in my opinion, unimportant. But as it was made a topic of discussion on the argument and is more or less involved in the question, I have no objection to intimate my opinion on that point.
By the act, as.it stood before 1833, offenders under the seventh section of the act of 1822, were liable to a penalty of two hundred and fifty dollars ; and “ in addition thereto,” by the thirteenth section, they forfeited their boat, net &c. It is not pretended, that these two sorts of pu/nishment were unlawfully imposed ; or that they were in any way inconsistent with or contrary to each other. There is no constitutional or common law principle, that forbids a man being punished in two or more ways, for one and the same offence. On the contrary, many of-fences punishable, even with death, at the common law, were also punished with forfeiture of estates, and corruption of blood. The maxim, nemo debet bis vexari pro cadem causa, has no application to this question. That maxim only forbids that a man shall be twice put in jeopardy for the same offence. If he has been once tried and acquitted, he shall not be subjected to a second *157 ordeal. But if convicted, the nature and modes of punishment, may be as diverse and numerous as the legislature think proper to direct. For offences against the revenue laws in England and this country, and I believe for other offences in this state; (as for instance, against the usury laws,) the offender is made liable to penalties, forfeitures and indictment.
We find then, that by the third and fourth sections of the act of 1833, the legislature have declared, that offences, which under the act of 1822, exposed the offender to a penalty of two hundred and fifty dollars, and to a forfeiture and seizure of his boat &c. should be deemed misdemeanors and be punished by fine and imprisonment. Row, if this was all the legislature had done, we might and ought perhaps, to consider it, by implication, a repeal of the seventh section of the former act, and a substitution of another punishment for the same offences. But the legislature have not left us at liberty to resort to the doctrine of implication. So far from abrogating the penal provisions of that section of the act of 1822, they have expressly recognized them as still continuing in force ; but have taken care that the offender shall not be liable to penalty and imprisonment both. Their language is, (at the end of the fourth section of the act of 1833,) that that act “ shall not subject to conviction and punishment, any person who has been subjected to a prosecution for a penalty, as provided for in the seventh and eighth sections ” of the act of 1822; thereby clearly indicating their intention to leave those sections in full force.
The act of 1833, certainly could not operate upon offences committed prior to its passage; and consequently the legislature did not mean to say, that offenders against the prior act should not be punished by fine and imprisonment under the act of 1833, if they had already been sued for the penalty given by the act of 1822; for they could not be sued for the penalty under the act of 1822, for an offence committed after the act of' 1833, if that act repealed the act of 1822 ; nor could the offender be indicted and punished under the act of 1833, for an offence committed prior to the passage of that act.
In order then to sustain the position, that the act of 1833 repeals the seventh section of the act of 1822, we must reject the *158 whole of the proviso clause, in the fourth section of the act of 1833, as incongruous, or as useless verbiage, which would be in direct violation of the rule which requires us to give meaning and effect to every word in a statute, if it can be done ; a rule so familiar to us all, that I need not cite authorities to prove it.
But i,t was suggested, on the argument, that this proviso must have been introduced by inadvertence or mistake; because it speaks of penalties under the seventh and eighth sections of the act of 1822; whereas, it is said, no penalty is given against persons unlawfully fishing, by the eighth section. Now it would be very bold in us to reject a clause in a statute, susceptible of any meaning, upon the ground of mistake or inadvertence on the part of the legislature. But there is no foundation for the remark. The seventh section gives the penalty, and the eighth section makes it the duty of a certain officer to see that the penalty when incurred, shall be sued for. The proviso, therefore, very properly speaks of persons who have been prosecuted for a penalty as provided for in the seventh and eighth sections.
Be this however as it may; and admitting for the sake of argument, that the provisions of the act of 1833, are a virtual repeal of the seventh section of the act of 1822, upon the ground that the legislature have substituted fine and imprisonment for a .penalty; yet I cannot perceive how we can extend the doctrine of repeal by implication, to the thirteenth and fourteenth sections of that act. By those sections a forfeiture is created, and a right of seizure given, of any boat &c. of a person found offending against any of the provisions of the acts upon the subject of the fisheries. It was in the execution of the authority given by these sections, that the assault and battery in question, was committed.
Now, the thirteenth section of the act of 1822, is much more extensive than the seventh section of that act. The latter gives a penalty of two hundred and fifty dollars for certain offences specified in that section; whereas, the thirteenth section subjects the boat &c. to forfeiture and seizure for any and every infraction of the fishery law.
We cannot therefore consider the infliction of fine and imprisonment by the act of 1833, as a substitute for, or a repeal of the law of forfeiture and seizure, unless we decide that the act of *159 1833, is a repeal of the whole of the act of 1822, which manifestly is not true.
Once more upon this point. The thirteenth section of the act of 1822, gives the right of seizure “in addition to the penalties” prescribed by the statute. Upon what principle then can we say, that a change of one of those penalties, by substituting a greater or less penalty or punishment, repeals or abrogates the right of seizure? I am at a loss for an answer to this question.
But finally it is insisted, that the seventh, thirteenth and fourteenth sections of the act of 1822, are repealed by the repealing clause annexed to the act of 1833.
I regret to differ from the judge before whom the case of The Commonwealth of Pennsylvania v. Toy, was tried in Philadelphia ; but however painful or unfortunate such a difference may be, especially when settling the construction of a statute concurrently passed by the two states, for their mutual benefit, and to preserve their amicable relations; yet, with every disposition to concur with that judge, I find myself obliged to dissent from the opinion expressed by him on this point.
I cannot but think the judge has inadvertently overlooked the peculiar phraseology of the repealing clause; and this apprehension is increased by the manner in which he has referred to it in his opinion. He says, the fifth section, (which contains the repealing clause,) “ provides that all the acts and parts of acts, which come within the provisions of this act, be and the same are hereby repealed.” This is certainly a misrecital, (and no dpnbt an unintentional one,) of the repealing clause. Its language is that “ all the acts and parts of acts, which come within the purview of this act, and (which) are contrary to the provisions of this act, be and the same are hereby repealed.”
It is unnecessary in deciding the meaning of this clause, to inquire what is meant by “coming within the purview.” It is not enough to satisfy the words of the clause, that the acts or parts of acts, should be within the scope, the design or object of the statute; but they must be, “ contrary to,” or at least repugnant and inconsistent with, “ the provisions of the act.”
Now, I can see no contrariety, repugnancy or inconsistency in the provisions of the acts under consideration. That the legislature should add to a penalty, the forfeiture of certain pro *160 perty, and even superadd to that, fine and imprisonment for an offence, is not contrary or repugnant. It may be unwise legislation, but it certainly is not unlawful legislation. It may be indiscreet in a legislature to vest so much power and discretion in a court, in regard to the extent of punishment; but we cannot on that account adjudge, that prior enactments and penalties, must be considered as repealed, simply because the legislature has subjected the offender to additional punishment.
It seems to have been supposed by the judge, whose opinion has been referred to; and indeed it was so argued by the counsel for the defendants here, that if the seventh section of the act of 1822, is not repealed by the act of 1833, the offender may be stripped of his property by seizure; then sued for two hundred and fifty dollars penalty’; and after all be indicted, and if convicted, fined one hundred dollars more and imprisoned six months, and all for one offence! This is certainly an imposing array oí punishment; but the apprehension of such extreme severity, is founded in mistake. According to the view I have taken of these statutes, the offender cannot be punished in all these ways. On the contrary, he is subjected only to forfeiture, and a penalty of two hundred and fifty dollars; or to a forfeiture, and indictment. By the act of 1822, the punishment was confined to the two first modes, viz: by forfeiture and penalty; but by the act of 1833, instead of being sued for the penalty, he may be indicted and punished by_/meand imprisonment, but not by suit foi' penalty, and by indictment both. This construction of the act, dispels those fears that seem to have been felt in regard to the severity of the law, and leaves the offender with little, if any thing more to suffer, than he had under the act of 1822.
But respect to the counsel, and to the judge from whom I have differed, requires of me a notice of the cases, that have been cited. To begin with our own. I do not mean to question the correctness of the result to which this court came, in Perrine v. Van Note, 1 Southard 146, and Buckallew v. Ackerman, 3 Hal. 48. I cannot forbear saying however, that the opinion of the court in those cases, is better sustained, by the title and by the peculiar language of the preamble and of the enactments of the subsequent statute, than by the maxim quoted by the Chief Justice. The act of 1814 was not a supplement to the act of 1797. *161 The latter was an act “ concerning inns and taverns ; ” the act- of 1814, was entitled “ an act to prevent tippling houses.” The preamble to the act of 1814, sets forth the inadequacy of the provisions of the act of 1797, and the statute then proceeds, as by original legislation upon the subject, to prohibit the Very things forbid by the former act, and subjects the offender to indictment and a fine. This case, instead of being governed by the maxim, “ leges posteriores priores contrarias abrogant,” cited by the Chief Justice, comes directly within the reasoning of Dewey, Justice, in Bartlett v. King, 12 Mass. 545, that “ a subsequent statute, reviewing the whole subject matter of a former one, and evidently intended as a substitute for it, although it contains no express words to that effect, must on the principles of law, as well as of reason and common sense, operate to repeal the former.” This was clearly such a statute. It commenced de novo, to legislate upon the subject of selling liquor by the small measure; it went over the whole subject matter of the twenty-first section of the former act, and was evidently intended as a substitute for it. For that reason the decision of the court in 3 Halsted 48, above cited, may be, and perhaps ought to be sustained ; but not by force of the maxim quoted by the Chief Justice, because there was nothing in the punishment prescribed by the second act, contrary to, or inconsistent with that provided for by the first statute. Both might have stood together; there was nothing repugnant and irreconcilable between the two acts.
These remarks have, by anticipation answered the case of The King v. Cator, 4 Burr. 2026; a former statute inflicted a fine not exceeding one hundred pounds and three months imprisonment ; a subsequent statute subjected the convict for precisely the same offence, to a peremptory fine of five hundred pounds- and twelve months imprisonment, leaving no discretion in the court. It is clear, that these two punishments could not stand together. They were contradictory to each other. So in The King v. Davis, 1 Leaches cases 306, all the subject matter contained in the statute of 28 Geo. 2, was embraced in the statute of 1785, with the exception of a part only of the restrictions and limitations in the second section of the former act, which were omitted in the latter ; and the court said, it was obvious on comparing them, that the legislature considered the latter act as a *162 complete substitute and repeal of the former. This is not pretended in relation to the two acts under consideration. Judge Doran himself does not pretend that the act of 1833, is a complete substitute and repeal of the act of 1822 but only partially so, and that it operates only as a repeal of the fifth, seventh and thirteenth sections of that act. The cases of Rex v. Metcalf, and Rex v. Knight, cited in 4 Burr. 2026, seem to have no application to this matter. The question in those eases was, whether upon one information the court could inflict more than one penalty, although the conviction was for soliciting four different artificers. In the case cited above, of The King v. Davis, it is worthy of remark, that by the statute of 9 Geo. 1, ch. 22, the offence for which the defendant was indicted, was made a felony, and the convict was to suffer death without benefit of clergy. But the subsequent statute of 16 Geo. 3, ch. 30, punished the first of-fence with a penalty only, and made the second offence a felony, punishable by transportation.
It is unnecessary to say any thing for the purpose of showing the incongruity of those two statutes. The principle settled in that case, as stated by Judge Doran himself, (if he is correctly reported in the printed copy of his charge, with which. I have been furnished,) is this : “ that where a statute makes an offence felony, punishable with death without clergy, and a subsequent statute inflicts a milder punishment, the latter statute is a virtual repeal of so much of the former statute as relates to the offence.” What application this sound and sensible rule can have to the case now under consideration, I am at a loss to discover. Nor do I perceive that what was said by Judge King, in The Commonwealth of Pennsylvania, v. Crumley, (cited by Judge Doran) at all conflicts with my views on this subject. He says, and his decision was based on the admitted rule, that any affirmative statute, is a repeal by implication of a previous affirmative statute, so far as it is contrary thereto ; for “ leges posteriores &cB This in short was the great principle settled in Fosters case, 11 Co. 59, and it was there resolved, that the statute of 23 Eliz. which inflicted twenty pounds by the month, did not take away the 1 Eliz. which had given twelve pence for every Sunday, and holiday ; but that both should be paid, for the one may well stand with the other; that the twelve pence was forfeited by way of *163 prevention ; and that was given to the poor; but the twenty pound was given to the Queen. So in this case, the forfeiture of the boat &c. is by way of prevention ; and the proceeds are given, one half to the poor and the other half to the county. The penalty of two hundred and fifty dollars, if collected, is given, one half to the informer and the other half to the county; whereas the fine and imprisonment in case of conviction, is an atonement to public justice. In fact all the doctrine to be collected in Foster’s ease upon this subject, seems to me to sustain the view I have taken of this question. In my opinion therefore, the court of Oyer and Terminer and General Gaol Delivery, in and for the county of Burlington, ought to be advised to proceed to judgment and sentence in this case, according to law.
Hewitts, J.
The first act of the legislature regulating the shad fisheries in the river Delaware, which it is necessary here to notice, was passed in 1808, whereby certain penalties were imposed for the violation of the provisions therein mentioned. This act is entitled “ an act to regulate the fisheries in the river Delaware and for other purposes.” In 1822, another act was passed entitled “ an act further supplementary &c.” to the foregoing act and by the fourth section, the owner or possessor of a fishery on this river, before he occupied or used the same, was required to give a description of the same in writing to the Clerk of the county, and also to enter into bond conditioned for the payment of all fines and penalties that might be incurred for any infraction of the provisions of said act committed at such fishery by his command or permission. The seventh section provides, that if any person shall be found making use of any gilling seine or drift net in the said river, without so entering his fishery and giving bond as aforesaid, he shall forfeit two hundred and fifty dollars with costs, for each offence. After providing various other penalties for breaches of other regulations contained in this supplement, the thirteenth section provides, that “ if any person shall be found making use of any boat, seine, net or other tackling in the river contrary to the intent of this act or the act or acts to which this is a supplement, he shall, in addition to the fine and penalties aforesaid, forfeit the same.” And by the same section it is made lawful for any person to seize and secure the *164 same &e.” The fourteenth section imposes a penalty of one hundred dollars upon any person who shall resist another in the lawful seizure of such boat or net.
In 1833, the legislature passed a further supplementary act to the act of 1808, and by the third section of .this latter act, it is provided, that if any person shall hereafter unlawfully use any drift net in the Delaware river, below the Trenton bridge, without having first entered his fishery as required by this act or the act or acts to which this is a supplement, he shall be guilty of a misdemeanor and on conviction, shall be punished by fine or imprisonment. The fourth section in general terms makes it a misdemeanor and punishable in the same way, for any person unlawfully to cast or drift a net for the purpose of catching fish in this river, and contains this proviso. “ That the act shall not subject to conviction and punishment any person who has been subjected to a prosecution for a penalty as provided for in the seventh and eighth sections of the act to which, this is a supplement.” And the fifth section declares all acts and parts of acts which come within the purview of this act and' are contrary to its provisions, to be repealed.
The defendants it is admitted, were engaged in an unlawful act, when they resisted the prosecutor in his attempt to seize their boat and net; but they contend, that the act of 1833, making it an indictable offence to fish in the river Delaware contrary to the regulations of the act, has by necessary implication repealed all the penalties and forfeitures imposed for such violations by the act of 1822. They insist, that the maxim “ leges posteriores priores contrarias abrogará,” is applicable to the case, and that the two statutes are upon the same subject and cover the same ground and therefore cannot stand together. The maxim is true, but must be understood to apply only to cases where the latter statute is couched in negative terms or by its matter necessarily implies a negative. As where a former statute makes an offence indictable in the sessions and a latter statute makes the same offence indictable at the assizes, here both courts would have concurrent jurisdiction unless the latter statute had subjoined the negative words “ and not elsewhere.” So where a former act allows a juror twenty pounds a year, and a latter act says he shall have twenty marks; the latter necessarily im *165 plies a negative and virtually repeals the former. 1 Blac. 89. So likewise where a statute imposes a penalty of ten pounds for an offence, to be recovered by action of debt and a subsequent act imposes a penalty for the same offence of fifty pounds, or even of five pounds to be recovered in the same way, the former is virtually and by implication repealed without negative words. And in our own court the maxim, has been extended at least as far as it will bear, when it was hela, that a statute imposing a pecuniary penalty for an offence to be recovered in a civil suit, was virtually repealed by another which subjected the offender to indictment. 3 Hal. 48. It must be remembered, that the law does not favor repeal by implication ; unless therefore, in the case before us, the two acts are inconsistent with each other, they must both take effect. The act of 1822, imposes a penalty of two hundred and fifty dollars for unlawful fishing in the Delaware river, and the act of 1833, makes it an indictable offence. By force of the decision therefore, in the case of Buckallew v. Ackerman, 3 Hal. 48, the former would be virtually repealed. But there is a proviso in the latter act which declares, that an offender shall not be subjected to a conviction and punishment if he has before been subjected to prosecution for a penalty “ as provided in the seventh and eighth sections of the act to which this is a supplement.” Here then, the intention of the legislature is clearly expressed, that both acts shall remain in force, but both shall not be enforced against the same individual, for the same offence. If he has been prosecuted for the penalty, he shall not be indicted; and by necessary inference, if indicted he shall not be sued for the penalty. But the counsel for the defendants insist, that this proviso applies only to offences committed antecedent to the passage of the latter act and that by it the legislature intended to save the actions for the penalty which had before been incurred. This is not so, such an intention would imply an absurdity; as offences committed before the act could not be made indictable, except by an ex post facto law, which the legislature could not pass. But it is again objected, that this proviso does not refer to the penalty incurred by the seventh section of the act of 1822, but to the seventh section of the original act of 1808, as the act of 1833, is entitled, a supplement to that act. In this the defendants are also clearly wrong. First, Because *166 the seventh section of the original act relates to an entirely different subject and had long before been repealed. And secondly; Because the act of 1833, is not supplementary to the act of 1808, only but to all other acts upon the same subject which ave themselves supplementary. The language of the legislature as repeated more than once in the act of 1833, is “ the act or acts to which this is a supplement.” And lastly, because there is no other sections to which the proviso can apply, than the seventh section of the act of 1822.
But if there were any doubt as to the correctness of this view of the subject, another conclusive answer may be given and that is, that the thirteenth section of the act of 1822, in addition to the penalty of two hundred and fifty dollars, subjects the offender to the forfeiture of his boat and net and to a penalty for resisting any person in the attempt to seize it. Here is a punishment direct and summary of a character totally distinct either from a pecuniary penalty or fine and imprisonment or indictment. It differs not only in kind but in the mode of enforcing it, and in the object had in view. The penalty and indictment were designed as a punishment for the violation of the law, the forfeiture and seizure were designed to stop the offender in the very act of violation, and to prevent its consummation and repetition. It would be extending the doctrine of repeal by implication to an unprecedented degree, to adjudge, that punishment by indictment for the actual commission of an offence, was by necessary inference a substitute for the forfeiture, the object and the penalty provided in the thirteenth section of the act of 1822. This cannot be.
I am therefore of opinion, that the defendants have offered no justification for the assault and battery of which they have been convicted and that the court of Oyer and Terminer of Burlington county, be advised to pronounce sentence in the case.
Justices White, Elmer and Whitehead concurred.